UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:09CR467 HEA |
| | ) | |
| CATHERINE MARIE CONNOR, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OBJECTION TO PRESENTENCE REPORT**

Comes now the United States of America, by and through its attorneys, Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri, and Dorothy L. McMurtry, Assistant United States Attorney for said District, and states the following objections to the presentence report:

1.  Counsel for the government has received a draft Presentence Report (PSR) from the Probation Office.  Counsel wrote to Probation Officer Jean F. Kintz in an effort to administratively resolve several objections to the draft PSR.  On September 18, 2009, Ms. Kintz advised that she was unable to resolve the following objections.

2.  Paragraph 8, "Offense Conduct"

Paragraph 8 states that the description of the offense conduct is derived from the "investigative reports of the Federal Bureau of Investigation and the Department of Health Professionals of the Commonwealth of Virginia."  The government requests that the paragraph be amended to also indicate that the defendant stipulated in her plea agreement to the offense conduct, as described in paragraphs 8-23 of the PSR.

3.  Paragraph 27, "Victim Impact"

The government disagrees with this paragraph, which states that "the value of the services provided by Connor has not been, and probably cannot be, determined. Therefore the amount of actual financial loss associated with the instant offense is not known."

It is the government's position that the actual amount of the financial loss to the employers/victims is the amount that the employers paid to the defendant. The employers purchased the services of a licensed registered nurse. Moreover, the patients/victims should have received the services of a licensed registered nurse. There should be no reduction for whatever services the defendant provided. It is undisputed that the employers would have paid her nothing if they had known that she was not a licensed registered nurse. In each instance, the employers terminated the defendant when they discovered that she was not a licensed registered nurse.

    4.    Paragraph 91, "Restitution . . . Guideline Provisions"

Paragraph 91 states that "there were no known financial losses associated with the instant offense." The government disagrees with this paragraph for the reasons stated above. Further, the defendant pled to a fraud scheme and stipulated to the false statements that she made to all her employers. All of these employers suffered a financial loss.

    5.    Paragraph 96, "Variances That May Be Considered in Imposing Sentence"

Paragraph 96 states that the Court may wish to consider whether a downward variance is warranted because the loss amount may overstate the seriousness of the defendant's conduct. It is the government's position that a variance is not warranted.

The defendant engaged in a fraud scheme for about 18 years and made false statements repeatedly and to every employer. As the scheme continued, she not only falsely stated that she

had a license, but also engaged in other criminal acts. She created bogus licenses, using her ex-husband's number without his knowledge and also stole and used the license of a co-worker.

Notably, the defendant was not always unemployed when she made false statements to employers. In 2006, she chose to leave Blue Cross Blue Shield for "career advancement"; she was earning $59,000 at Blue Cross. The defendant then obtained employment at Correctional Medical Services, where she was paid $70,000. She obtained this latter position by making false statements.

The defendant's conduct is no less serious because she did not provide direct patient care. What she did certainly impacted the care of patients. As an example, she worked as a diabetes educator at DePaul. The only purpose of diabetes education is to affect and influence the care and actions of patients with this serious disease. Similarly, she worked as a "senior RN, health coach" in the Blue Cross Disease Management Program. Lastly, she coordinated "complex medical and behavioral" patients while employed at MHNET Specialty Services.

Although there is no known patient harm, the defendant was willing to risk patient harm. The registered nurse license is not just an administrative hoop that nurses must jump through. The examination and licensing requirement is in place to insure that a nurse has the knowledge and skills to provide services to patients who will rely on him or her. The defendant has not demonstrated that she possesses these skills or knowledge because she has never passed the licensing examination.

The defendant's post-graduate education certainly is not a basis for a variance. Having attained this high level of education, she could have chosen, in the last 18 years, to follow another career path or occupation. This is what she said she was going to do after the Board of

Nursing investigated her in 2004 for falsely representing that she was a licensed registered nurse.

For the reasons stated above, the government respectfully requests that this Court sustain its objections to the presentence report, and provide such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    MICHAEL W. REAP
    Acting United States Attorney


    */s/ Dorothy L. McMurtry*
    DOROTHY L. McMURTRY, #6703
    Assistant United States Attorney
    111 S. 10th Street, Room 20.333
    St. Louis, Missouri 63l02
    (314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**Herbert T. Diekemper , Jr**
htdkmprlaw@gmail.com, htdiekemper@aol.com

I hereby certify that on September 21, 2009, the foregoing was hand-delivered to the following non-participants in Electronic Case Filing:

    Jean F. Kintz
    United States Probation Officer
    111 South 10th Street, Suite 2.325
    St. Louis, Missouri 63102

                                                   /s/ Dorothy L. McMurtry
                                                 DOROTHY L. McMURTRY, #6703
                                                 Assistant United States Attorney