UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    4:09CR467 HEA |
| | ) | |
| CATHERINE MARIE CONNOR, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Michael W. Reap, Acting

United States Attorney for the Eastern District of Missouri, and Dorothy L. McMurtry, Assistant

United States Attorney for said District, and requests that the Court sentence defendant Catherine

Connor (Connor) within the advisory sentencing guidelines range of 27 to 33 months.

## Background

On July 22, 2009, Connor waived indictment and pled guilty to the single-count

information, which charged her with devising and executing a wire fraud scheme for the purpose

of obtaining money and property from her employers by means of false and fraudulent pretenses,

representations and promises, and knowingly transmitting, in interstate commerce, an email

containing a false nursing license number.  The parties stipulated that Connor should be

sentenced under the guidelines pursuant to the guideline calculations recommended by the

parties.  The parties, however, did not agree on the Total Offense Level.

On September 21, 2009, the government filed objections to the following paragraphs of

the pre-sentence report (PSR):  paragraphs 8 (Offense Conduct), 27 (Victim Impact), 91

(Restitution), and 96 (Variances).  On October 1, 2009, Connor filed objections to paragraphs 1,

24, 31-39, 42, 68, 70, 78, and 80.  Connor also requests a downward departure or variance.

**Standard of Proof for Loss Amount**

The Eighth Circuit has held that the preponderance of evidence standard is to be used in sentencing hearings.  In United States v. Thorpe, the Eighth Circuit stated:  "Judicial fact-finding based upon a preponderance of the evidence standard is permitted in sentencing provided that the guidelines are applied in an advisory manner."  447 F. 3d 565, 569 (8th Cir. 2006), citing United States v. Booker, 543 U.S. 220, 266-67 (2005).  The preponderance of evidence standard is applicable in sentencing hearings following a guilty plea and in sentencing hearings following a jury verdict.  United States v. Washburn, 444 F. 3d 1007, 1014 (8th Cir. 2006)(district court did not err in finding by a preponderance that the loss was $45,000 although the jury had found that the loss was between $5,000 and $10,000).

"The district court's method for calculating the amount of loss must be reasonable, but the loss need not be determined with precision."  United States v. McIntosh, 492 F. 3d 956, 961 (8th Cir. 2007).  The district court need only make a reasonable estimate of the loss, given the available information.  United States v. Hayes, 574 F. 3d 460, 484 (8th Cir. 2009).

The loss amount is either the actual loss caused by the defendant's conduct, or the intended loss, whichever is greater.  U.S.S.G. 2B1.1, comment 3(A); United States v. Fazio, 487 F. 3d 646, 658 (8th Cir. 2007).  Actual loss is defined as the "reasonably foreseeable pecuniary harm that resulted from the offense."  U.S.S.G. 2B1.1, comment 3(A)(i); United States v. Jenkins-Watts, 574 F. 3d 950, 961 (8th Cir. 2009).

The Sentencing Guidelines provide that in a case involving a scheme in which services were fraudulently rendered to a victim by persons falsely posing as licensed professionals, the

"loss shall include the amount paid for the property, services, or goods transferred, rendered or misrepresented, with no credit provided for the value of those items or services." U.S.S.G. 2B1.1, comment 3(F)(v). Added in November 2001, this "rule reverses case law that has allowed crediting (or exclusion from loss) in cases in which services were provided by persons posing as attorneys and medical personnel. . . . The Commission determined that the seriousness of these offenses and the culpability of these offenders is best reflected by a loss determination that does not credit the value of the unlicensed benefits provided." United States v. Aronowitz, 151 Fed. Appx.193 , 1994 (3rd Cir. 2005), citing U.S. Sentencing Guidelines Manual app. C, vol. II, amend. 617, at 183-84 (2003), *cert. denied*, 547 U.S. 1065 (2006).

**Calculation of the Actual Loss**

At the sentencing hearing, the government will offer evidence to prove that Connor caused a loss of $625,013.07, which is the amount paid to Connor by her employers.

**Calculation of the Restitution Amount**

The government objects to paragraph 27 of the PSR which states that the value of Connor's services has not and probably cannot be determined and paragraph 91, which states that there are no known financial losses associated with the instant offense. The government also takes issue with Connor's argument that she earned the salaries that she was paid because she provided services to her employers.

In determining restitution, the value of services must be determined from the perspective of the employers, not the defendant who has falsely represented that she is a licensed professional. Representatives of the employers will testify at the sentencing hearing that the services that Connor rendered had no or very little value. Moreover, not only was there no value

to the employers, Connor's actions exposed the employers to the risk of civil liability and far greater financial loss than the wages or salary paid to her.

Connor argues that her "entire employment career . . . is reduced, *ex post facto*, to little more than forced servitude for which Defendant can have no redress." This is a frivolous argument. Connor was not forced to fraudulently obtain employment or to accept compensation to which she was not entitled.

## Adult Criminal Convictions

Belatedly, Connor attempts to justify her false statements concerning her prior conviction. She states in her objections that at the time of the earlier violations, her attorney told her that she would not have a "conviction" on her record upon her completion of her probation. Based on this advice, Connor states that she denied in employment applications that she had any prior convictions.

Connor has never raised this argument before although she was interviewed on two occasions in 2009 prior to the present indictment. During those interviews, she did not indicate that she had received this legal advice. Further, Connor evidently did not raise this argument with the Virginia Board of Nursing in 1992, when the Board denied her application for a nursing license. Lastly, Connor does not identify the attorney who purportedly gave this advice.

## Defendant's Request for Variance or Departure

The government opposes Connor's request for a departure or variance. The government believes that a sentence within the advisory guidelines range is appropriate because of the nature and circumstances of the offense. Title18, USC, Section 3553(a)(1). Connor engaged in a fraud scheme for about 18 years and made false statements repeatedly and to every employer for

4

whom she worked.  As the scheme continued, she not only falsely stated that she had a nursing license, but also engaged in other criminal acts.  She created bogus licenses, used her ex-husband's license without his knowledge or consent, and stole and used the license of a co-worker.

Connor suggests that she only engaged in this fraud scheme because she needed a job. The facts do not support this.  Connor made false statements even when she was employed in a professional, well-paying position.  In 2006, she was employed at Blue Cross-Blue Shield and earning $57,000 annually.  She left Blue Cross-Blue Shield for "career satisfaction" and then obtained employment at Correctional Medical Services (CMS), where she was paid $70,000. She fraudulently obtained the CMS position by making false statements.

Connor's criminal conduct is no less serious because she did not have face to face contact with patients.  Connor was a diabetes educator at DePaul Health Center, a "senior RN, health coach" in the Blue Cross Disease Management Program, and coordinated "complex medical and behavioral" patients while employed at MHNet Specialty Services.  In these positions, Connor was responsible for the care and monitoring of patients who had very serious chronic illnesses, like diabetes.

Knowing that she did not have a registered nursing license, Connor was nonetheless willing to risk harm to these patients.  In Missouri, the registered nurse license is not just an administrative hoop that nurses must jump through.  The examination and licensing requirement insures that a registered nurse has the knowledge and skills to provide services to patients who will rely on her or him.  Connor has not demonstrated that she possesses these skills or knowledge because she has never passed the licensing examination.

Lastly, the defendant's post-graduate education certainly is not a basis for a variance. Having attained this high level of education, she could have worked in a number of positions that did not require a license.  Or she could have attempted to attain a nursing license after Virginia initially denied her application in 1992.

A sentence within the advisory sentencing range will reflect the seriousness of Connor's offense, promote respect for the law, and provide just punishment for the offense.  Because Connor continued to engage in this criminal conduct even after the crime was discovered, a sentence within the guidelines would afford adequate deterrence and protect the public from further crimes by Connor.

**Conclusion**

For the reasons discussed above, the government urges the Court to find that the amount of the actual loss and the restitution is $625,013.07, deny Connor's request for a departure or a variance, and sentence Connor within the advisory sentencing guidelines range.

Respectfully submitted,

MICHAEL W. REAP
Acting United States Attorney

_/s/ Dorothy L. McMurtry_
DOROTHY L. McMURTRY, #6703
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:


**Herbert T. Diekemper , Jr**
htdkmprlaw@gmail.com, htdiekemper@aol.com



*/s/ Dorothy L. McMurtry*
DOROTHY L. McMURTRY, #6703
Assistant United States Attorney