UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *UNITED STATES OF AMERICA,* | ) |
| *Plaintiff,* | ) |
| | ) Cause No. 4:09CR00467 HEA |
| Vs. | ) |
| | ) Division No. |
| *CATHERINE MARIE CONNOR,* | ) |
| *Defendant.* | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, by and through her Counsel, Herbert T. Diekemper, Jr., and in support of Defendant's position relative to sentencing, states as follows:

The Defendant has, without hesitation, cooperated with the Government investigators, the United States Attorney, and the Probation Office in bringing this matter on for plea and sentencing. That Defendant disputes the ultimate offense level as calculated by the U.S. Attorney and the Probation Office is not indicative of any tendency on the part of Defendant to minimize her conduct. She has admitted to the offense conduct which the Government has portrayed as a "scheme and artifice" to defraud. She has denied nothing material to the offense to which she has entered her plea of guilty. Defendant does, however, argue that the bloated loss calculation as propounded by the Government, drastically increases the Offense Level of the subject charge, and thereby substantially overstates the seriousness of the offense for sentencing purposes, and thereby warrants consideration of a downward departure pursuant to U.S.S.G. 2B1.1, appl. Note 19(C).

Defendant does not dispute the standard of proof regarding the loss amount offered by the Government. The Defendant argues that the wages which she earned in each of the employments attained through her false statements and devices, were not "reasonably forseeable pecuniary harm" to any of the employers and that she never intended any financial loss to any of the employers. She merely expected to be paid for the services she would provide as an employee,

once hired. This is significantly different from known cases dealing with U.S.S.G. 2B1.1 and comment 3(F) *v*, which generally relate to cases where an unlicensed professional fraudulently provides contractual services either not actually performed or actually performed by someone other than the licensed professional. Defendant Counsel has found no cases in which pecuniary losses attributable toan unlicensed nurse, hired as a result of making false job application statements regarding credentials, was calculated using the standard put forth by the Government in this case that the amount of loss is equivalent to the amount of wages paid to Defendant by the employers. Furthermore, the Government does not cite any such case having precedential value.

This is not a typical case under comment 3(F) *v* to section 2B1.1. In the Introduction and General Application Principles to the Guidelines, Section 4(b) <u>Departures</u>, it is stated: "When a court finds an atypical case, one to which a particular guideline linguistically applies but conduct differs significantly from the norm, the court may consider whether a departure is warranted." This is such an atypical case. Defendant requests the Court to consider a downward departure from the Guidelines.

Finally, and regardless of whether or not the Court determines that a downward departure is warranted, and in lieu of a sentencing order confining the Defendant to a term of imprisonment for all or part of the Guidelines sentence, Defendant prays this Court to sentence Defendant to a period of home confinement, followed by supervised release. Defendant will provide evidence of her employment, community services involvement, and as to her ongoing mental health treatment.

Respectfully submitted,

/s/Herbert T. Diekemper, Jr.
Counsel for Defendant Catherine Connor
Herbert T. Diekemper, Jr., EDMo. 2978
P.O. Box 18819, 3801 Connecticut
St. Louis, MO. 63118
314-664-5428 (telephone)
314-351-9878 (facsimile)
htdkmprlaw@gmail.com

**Certificate of Service**

This is to certify that a true and correct copy of the foregoing was delivered by electronic mail via the Court's electronic filing system upon Dorothy McMurtry, Assistant U.S. Attorney this 20th day of October, 2009 .

/s/Herbert T. Diekemper, Jr.
Counsel for Defendant Catherine Connor
Herbert T. Diekemper, Jr., EDMo. 2978